986 F.2d 1430
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Robert HARAN, Defendant-Appellant.
 No. 92-2143.
 United States Court of Appeals, Tenth Circuit.
 Feb. 5, 1993.
 
 Before SEYMOUR, STEPHEN H. ANDERSON and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 SEYMOUR, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Defendant Robert Haran pled guilty to charges of conspiracy to commit mail and wire fraud and aiding and abetting, in violation of 18 U.S.C. §§ 371, 1341, 1343, and 2. The district court sentenced Mr. Haran to 24-months imprisonment after increasing the sentence four levels in accordance with a presentence report recommendation pursuant to United States Sentencing Guidelines section 3B1.1(a). That section provides for a four-level increase "[i]f the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." A participant is defined as a "person who is criminally responsible for the commission of the offense, but need not have been convicted." U.S.S.G. § 3B1.1, comment. (n. 1). Mr. Haran asserts on appeal that the record does not support the increase in his sentence. We agree with the district court's findings, and affirm Mr. Haran's sentence.
 
 
 3
 We review a district court's findings of fact under a clearly erroneous standard. United States v. Reid, 911 F.2d 1456, 1461 (10th Cir.1990), cert. denied, 111 S.Ct. 990 (1991); United States v. Williams, 897 F.2d 1034, 1040 (10th Cir.1990), cert. denied, 111 S.Ct. 2064 (1991). The government must prove by a preponderance of the evidence that a section 3B1.1(a) upgrade is warranted. Reid, 911 F.2d at 1461. We must assume that uncontradicted facts contained in the presentence report are correct. United States v. Walker, 931 F.2d 631, 636 (10th Cir.1991).
 
 
 4
 The presentence report, as amended, proposed that Mr. Haran's sentence could be increased either for having organized or led criminal activity involving five or more participants, or because the criminal activity was "otherwise extensive." The district court awarded the increase by agreeing with the presentence report but without specifying on which portion of section 3B1.1(a) it was relying.
 
 
 5
 We believe the record supports the upward adjustment of Haran's sentence for organizing or leading "otherwise extensive" criminal activity. Determining whether an activity is "otherwise extensive" requires an examination of "the totality of the circumstances, including not only the number of participants but also the width, breadth, scope, complexity, and duration of the scheme." United States v. Dietz, 950 F.2d 50, 53 (1st Cir.1991). Mr. Haran pled guilty to Count I of the indictment which charged him with a fraudulent scheme to obtain money by false pretenses. The scheme involved hiring employees to make false sales pitches and promises regarding bonus gifts. The F.B.I. surveillance of the offices of Mr. Haran revealed that he employed between forty to sixty employees working two shifts per day. The indictment states, among other things, that Mr. Haran's scheme operated "throughout the United States," Appellant's App. at 18; he "rented business offices ... wherein management, sales, verification, customer service, administrative, bookkeeping and shipping personnel were employed," id. at 19; he "caused telephones to be installed," id.; "hired independent contractors," id. at 20, and "purchased water purification systems in mass quantities," id.; he applied for a City of Albuquerque business license, and a Federal Express Merchant Account. To insure that Mr. Haran understood the charges against him, the district court carefully reviewed the content of the indictment with him. Tr., 3/27/92 at 8-9, 19-20. Mr. Haran indicated his understanding and gave his assent to the charges, admitting that he did the described acts. Id. Mr. Haran also acknowledged that his operation utilized both the mail and wire communications in interstate commerce to effect his scheme. Finally, the operation led by Mr. Haran generated over $400,000 in income in a short period of time. These facts support a conclusion that the scheme was extensive. See Reid, 911 F.2d at 1466.
 
 
 6
 While not disputing the extensive nature of the operation, Mr. Haran contends that the government did not prove the existence of at least one other criminally culpable individual. The court in Dietz held that to be otherwise extensive, "the irreducible minimum of two[,] the defendant and some other criminally responsible participant[ ]" is required. Dietz, 950 F.2d at 53. Other courts have similarly held that section 3B1.1 requires proof by the government of at least one criminally responsible person in addition to the defendant. See United States v. Anderson, 942 F.2d 606, 616-17 (9th Cir.1991) (en banc); United States v. DeCicco, 899 F.2d 1531, 1535-37 (7th Cir.1990); United States v. Carroll, 893 F.2d 1502, 1509 (6th Cir.1990).
 
 
 7
 In United States v. West, 942 F.2d 528, 531 n. 2 (8th Cir.1991), the court acknowledged the issue but chose not to decide it. Similarly, we need not decide this question because the culpability of at least one other person is apparent from the record in this case. Mr. Haran pled guilty to a charge of conspiracy, which by definition must include at least one other culpable person with whom the defendant has actually conspired.[1] Assuming without deciding that a second criminally responsible person is required for an "otherwise extensive" enhancement, Mr. Haran's co-conspirator clearly meets that requirement. The extent of the criminal activity here was sufficient to render the activity "otherwise extensive" under section 3B1.1(a).
 
 
 8
 The district court's sentence of Mr. Haran is AFFIRMED.
 
 
 9
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 For example, 18 U.S.C. § 371, one of the statutes under which Mr. Haran was charged, begins "If two or more persons conspire...."